1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

LAURIE KHMAISSI,                                    CASE NO. 20-6226 RJB

Plaintiff,                     ORDER GRANTING MOTION TO
12          v.                                      DISMISS CASE WITH PREJUDICE

13

NAVIENT SOLUTIONS LLC f/k/a
14      NAVIENT SOLUTIONS INC.,

Defendant.
15

16      This matter comes before the Court on Defendant's Motion to Dismiss.  Dkt. 7.  The

17  Court has considered the pleadings filed regarding the motion and the file herein.

18      Originally filed in Clarke County, Washington Superior Court, this case was removed to

19  this Court based on the diversity of the parties' citizenship and amount in controversy.  Dkt. 1.

20  The Plaintiff alleges that Defendant, the servicer of her student loan, should have informed her of

21  a loan forgiveness program in 2010 and instead, placed her loan in forbearance.  Dkt. 1-1.  She

22  alleges that she took out the loan 17 years ago.  *Id.*  The Plaintiff asserts claims for breach of

23  contract, Washington's Consumer Protection Act, RCW 19.86, *et. seq*. ("CPA") and for breach

24  of fiduciary duty.  *Id.*

ORDER GRANTING MOTION TO DISMISS CASE WITH PREJUDICE - 1

1        **A.  STANDARD FOR MOTION TO DISMISS**

2        Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable

3   legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri*

4   *v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken

5   as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d

6   1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

7   need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

8   to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

9   a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007)

10   (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above

11   the speculative level, on the assumption that all the allegations in the complaint are true (even if

12   doubtful in fact)."  *Id*. at 555.  The complaint must allege "enough facts to state a claim to relief

13   that is plausible on its face."  *Id*. at 547.

14        **B.  STATUTES OF LIMITATION**

15        The Defendant's Motion to Dismiss (Dkt. 7) should be granted and the case should be

16   dismissed with prejudice.  The Plaintiff alleges that she took her loan out 17 years ago and the

17   Defendant failed to inform her of the loan forgiveness program 10 years ago.  The Plaintiff's

18   claims for breach of contract is barred by the six-year statute of limitation (RCW 4.16.040(1)),

19   her CPA claim is barred by the four-year statute of limitation (RCW 19.86.120) and her breach

20   of fiduciary duty claim is barred by the three-year statute of limitation (RCW 4.16.080(2)).

21   Moreover, the Plaintiff fails to respond to the motion to dismiss.

22

23

24

1            **ORDER**

2         Therefore, it is hereby **ORDERED** that:

3         The Defendant's Motion to Dismiss (Dkt. 7) **IS GRANTED** and the case **IS**

4    **DISMISSED WITH PREJUDICE**.

5         The Clerk is directed to send uncertified copies of this Order to all counsel of record and

6    to any party appearing *pro se* at said party's last known address.

7         Dated this 25th day of January, 2021.

8

9         ROBERT J. BRYAN
         United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24